**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

ANNA ARAGON, as Personal Representative of
the Estate of Rosa Jimenez, and on behalf of
ELIAS ROMERO, JR., FELICITY ROMERO,
and IESHA ROMERO, the surviving minor
children of Rosa Jimenez,

        Plaintiffs,

RAY LEO MONTANO, Individually,                No. Civ. 11-997 LH/GBW

        Intervenor,

vs.

COOPER TIRE & RUBBER COMPANY, INC.
and ERIC GARCIA, Individually and d/b/a
LUBE CENTER

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiffs' and Intervenor's Joint Motion to Remand and Memorandum in Support Thereof (Doc. 7), filed December 9, 2011.  The Court, having considered the motion, the briefs of the parties, and the applicable law, concludes that Defendant Cooper Tire & Rubber Company, Inc. has not established that Defendant Eric Garcia d/b/a Lube Center was fraudulently joined by Plaintiffs in order to destroy diversity jurisdiction. Accordingly, Plaintiffs' and Intervenor's motion to remand is **well-taken** and will be **granted**. The case is, therefore, remanded to the Fourth Judicial District Court, County of San Miguel, State of New Mexico.

**I. INTRODUCTION AND BACKGROUND**

This lawsuit arose from an automobile accident that occurred on or about July 14, 2009, when Rosa Jimenez ("Decedent") was driving a 1999 Ford Explorer in Colfax County, New Mexico. Ray Montano ("Intervenor") was the front passenger in the vehicle at the time of the accident. Plaintiffs and Intervenor allege that the right, rear tire of the Explorer suffered a catastrophic tread-belt separation, causing Decedent to lose control of the vehicle and ultimately resulting in the death of Decedent and severe and disabling injuries to Intervenor. Decedent's three minor children were not involved in the accident but allege damages for loss of consortium.

The case was originally filed on September 16, 2011, in the Fourth Judicial District Court, San Miguel County, State of New Mexico. Plaintiffs include Anna Aragon, as personal representative of the Estate of Decedent and on behalf of Decedent's surviving minor children: Elias Romero, Jr., Felicity Romero, and Iesha Romero. Named as Defendants are Cooper Tire & Rubber Company, Inc. ("Cooper Tire") and Eric Garcia d/b/a Lube Center ('Lube Center"). On October 19, 2011, the State Court signed an order allowing Ray Leo Montano ("Intervenor") to intervene in the lawsuit, and thereafter he filed his Complaint in Intervention on October 28, 2011.

In their complaints, Plaintiffs and Intervenor assert negligence claims against Defendants. Factually, Plaintiffs allege that the faulty right, rear tire that was on the Explorer at the time of the July 14, 2009 accident ("the Subject Tire") was manufactured by Cooper Tire and "dismounted and or mounted" by Lube Center. Similarly, Intervenor alleges that the Subject Tire was manufactured by Cooper Tire and that Lube Center "committed acts of omission and commission" which were the proximate cause of the July 14, 2009 accident.

Cooper Tire, which is a citizen of Delaware and Ohio, removed the matter to this Court, asserting federal subject matter jurisdiction on the basis of diversity of citizenship. In its Notice of Removal, Cooper Tire acknowledges that Lube Center, like Plaintiffs, is a citizen of New Mexico. However, it argues that Plaintiffs improperly and fraudulently joined Lube Center in an effort to prevent diversity jurisdiction. Lube Center consented to removal but has not participated in the briefing on the instant Motion to Remand.[1] Plaintiffs and Intervenor maintain that they state a proper cause of action against Lube Center for negligence, that this Court lacks diversity jurisdiction over the matter, and that the case must therefore be remanded to State Court.

## II.  LEGAL STANDARD

An action is removable if the federal district court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). It is the obligation of the removing party to establish the subject matter jurisdiction of this Court. *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999). There is a presumption against removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Both the requisite amount in controversy and the existence of diversity must be affirmatively established by a preponderance of the evidence on the face of either the complaint or the removal notice for purposes of diversity jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Diversity jurisdiction requires complete diversity in that no plaintiff be the citizen of the same state as any defendant. *Gadlin v. Sybron Intern. Corp.*, 222 F.3d 797, 799 (10th Cir. 2000).

---

[1] D.N.M.LR-Civ. 7.1 provides that "[t]he failure of a party to file and serve a response in opposition to a motion . . . constitutes consent to grant the motion." Thus, Riley's position is somewhat inconsistent in that it has consented to removal of this action but also effectively consented to its remand by not filing a response to PNM's Motion to Remand.

### III. ANALYSIS

### A. Cooper Tire's Fraudulent Joinder Claim

In their Motion to Remand, Plaintiffs and Intervenor contend that diversity of citizenship does not exist in this case, because one of the named defendants, Lube Center, is a citizen of the same state as Plaintiffs. In contrast, Cooper Tire argued in its Notice of Removal that Lube Center was fraudulently joined in this action by Plaintiffs in an attempt to destroy diversity jursidiction.

Generally, whether a case is removable or not is determined by the original pleadings, and the statement of a cause of action against a resident defendant will normally be sufficient to prevent removal. *See Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). However, upon specific allegations of fraudulent joinder, as here, the Court may pierce the pleadings and consider the entire record, determining the basis of joinder by any means available. *Id.* "The joinder of a resident defendant against whom no cause of action is stated is patent sham, and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists." *Id.* (internal citation omitted).

A defendant must plead a claim of fraudulent joinder with particularity and prove the claim with certainty. *See Couch v. Astec Indus., Inc*., 71 F. Supp. 2d 1145, 1146-47 (D.N.M. 1999) (citing *McLeod v. Cities Service Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956)). The burden of proof on the defendant claiming fraudulent joinder, here Cooper Tire, is significant. *Id.* at 1147. Indeed, in *Montano v. Allstate Indemnity Co.*, the Tenth Circuit described the defendant's burden to prove fraudulent joinder as follows:

> To prove their allegation of fraudulent joinder [removing parties] must demonstrate that there is *no possibility* that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In

> evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

No. 99-2225, 211 F.3d 1278, 2000 WL 525592, *1 (10th Cir. Apr. 14, 2000) (unpublished opinion) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000)) (emphasis added). The fraudulent joinder standard is "more exacting" than the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* Under the fraudulent joinder analysis, a viable claim is stated against a resident defendant so long as there is some factual fit between the plaintiff's allegations and the pleaded theory of recovery. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). Remand is required if any one of the claims against the non-diverse defendant is possibly viable. *See Green v. Amerada Hess Corp.*, 707 F.2d 201, 207 (5th Cir. 1983).

Here, both Plaintiffs and Intervenor assert negligence claims against Lube Center. Plaintiffs contend that Lube Center "dismounted and/or mounted" the Subject Tire prior to the July 14, 2009 accident. (Pl.'s Complaint, Doc. 1, Ex. A, at ¶ 8.) Therefore, Plaintiffs contend, it "may be found to be negligent in, including but not limited to the following ways: not identifying any and all defects to the subject tire, inspection of the tire, mounting of the tire, failing to warn, [and] any other manner revealed in discovery." (*Id.*) In his Complaint in Intervention, Intervenor asserts that Lube Center's acts and omissions, which were the proximate cause of the July 14, 2009 accident, included "failing to observe and explain to Plaintiffs and Intervenor that they had a non-serviceable tire, failing to recommend replacement, and other acts of negligence." (Complaint in Intervention, Doc. 1, Ex. A, at ¶ 6.1.)

In its Notice of Removal and Response to Plaintiffs' Motion to Remand, Cooper Tires argues that Plaintiffs and Intervenor do not state a viable cause of action against Lube Center, as

the affidavit of Eric Garcia shows that Lube Center did not mount the Subject Tire onto the Explorer prior to the July 14, 2009 accident.  Mr. Garcia states in his affidavit, attached as Exhibit B to Cooper Tires' Notice of Removal, that the records of Lube Center do not indicate that the company serviced a 1999 Ford Explorer *for Decedent*.  Yet Mr. Garcia *did* recall switching out the tires and rims on a 1999 Ford Explorer sometime around April or May of 2009 at the request of M.C. Motors, LLC of Los Lunas, New Mexico.  According to Mr. Garcia, M.C. Motors delivered the Explorer to Lube Center along with four low aspect ratio tires with rims.  M.C. Motors instructed Mr. Garcia to mount the low aspect tires and rims on the Explorer and to place the removed tires and rims in the back of the Explorer, which he did.  Mr. Garcia confirmed that the tire and rim depicted in a post-accident photograph of the Explorer was *not* one of the tires or rims that he mounted on the Explorer for M.C. Motors in April or May of 2009.

     Cooper Tires suggests that neither Plaintiffs nor Intervenor can possibly assert a claim against Lube Center based on the installation of the Subject Tire, as Mr. Garcia's affidavit makes clear that Lube Center did not perform such installation.  Furthermore, Cooper Tire argues that there is also no possibility that Lube Center can face liability to Plaintiffs or Intervenor based on a purported duty to inspect or to warn about the condition of the Subject Tire.  Cooper Tire reasons that Plaintiffs and Intervenor do not have a possible claim against Lube Center for failure to warn or inspect the Subject Tire because Lube Center was only hired by M.C. Motors, not Decedent or any parties in this matter, to 1) dismount the set of tires on the Explorer, 2) place them in the back of the vehicle, and 3) mount a different set of tires which did not include the Subject Tire.  Cooper Tires submits that because there was no request to inspect the dismounted tires, there would be no possible claim against Lube Center even if the Subject Tire turned out to

be one of the tires that Lube Center dismounted and placed in the back of the Explorer. According to Cooper Tires, there is no legal duty under New Mexico law owed to Plaintiffs to inspect dismounted tires.

Significantly, however, Plaintiffs and Intervenor attached to their Reply brief the affidavit of Raymund Pacheco, the spouse of Decedent, in which Mr. Pacheco indicates that Lube Center did in fact mount the Subject Tire on the Explorer at the request of Decedent herself.  According to Mr. Pacheco:

> Sometime after the work performed by the Lube Center in April of 2009, [Decedent] returned to the Lube Center to have the vehicle's original tires and rims remounted.  The vehicle's original tires and rims were on the 1999 Ford Explorer at the time of [Decedent's] fatal accident in July of 2009.

(Pl.'s and Intervenor's Reply, Doc. 16, Ex. A., at 1.)

Given the affidavit of Mr. Pacheco, Cooper Tire has failed to meet its burden, as it cannot show with complete certainty upon undisputed evidence that Lube Center is not liable to Plaintiffs and Intervenor.  *See Smoot v. Chavez R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) ("This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty.")   There is, at minimum, a disputed factual record before the Court with respect to the claims against Lube Center and as to whether Lube Center indeed mounted the Subject Tire prior to the July 14, 2009 accident.  Once again, with regard to the question of fraudulent joinder, the Court must resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party.  Accordingly, the Court must remand this matter to State Court for want of diversity jurisdiction, as Cooper Tire has failed to meet its burden of establishing fraudulent joinder.

## IV. CONCLUSION

For all of these reasons, the Court concludes that Cooper Tire has failed to establish the fraudulent joinder of Lube Center, which is the basis for its removal of this action.

**WHEREFORE, IT IS HEREBY ORDERED** that Plaintiffs' and Intervenor's Motion to Remand (Doc. 7) is **well-taken** and is now hereby **granted in full**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Fourth Judicial District Court for the State of New Mexico.

**IT IS SO ORDERED.**

_____
SENIOR UNITED STATES DISTRICT JUDGE